UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

ROGER FIGUEROA **ORDER**
                        Plaintiff,

   - against -                 CV 2000-2773 (SJ)(MDG)

UNITED STATES OF AMERICA,

                        Defendant.

- - - - - - - - - - - - - - - - - - -X

    This order addresses the letter application of defendant United States to compel physical and mental examinations of the plaintiff by experts in orthopedics, internal medicine and psychiatry. Letter dated June 24, 2008 of David R. Hornig (ct. doc. 9). Defendant argues that it is entitled to have its experts examine plaintiff in order to determine whether the ankle injury, which plaintiff claims he sustained as a result of the incident giving rise to this action, contributed to the finding by the Social Security Administration that plaintiff is totally disabled. Id. at 1-2.

## DISCUSSION

    Rule 35 of the Federal Rules of Civil Procedure provides that "[t]he court where the action is pending may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licenses or certified examiner." Fed. R. Civ. P.

35(a)(1); see Schlagenhauf v. Holder, 379 U.S. 104, 116-22 (1964). Plaintiff does not dispute that the physical condition of the plaintiff's leg injuries is at issue, but argues, without support, that the defendant is not entitled to a further examination beyond the examination by the doctor hired by the claims adjuster for plaintiff's "nominal employer." Ct. doc. 10 at 1-2. Nothing in Rule 35(a), which authorizes the Court to order an examination when a case is pending, suggests that a defendant is required to retain as its expert for trial an expert who examined the plaintiff before the case is commenced.

Next, this Court finds that the defendant is entitled to have an expert in internal medicine, besides one in orthopedics, examine plaintiff on the other medical conditions which plaintiff admits contributed to a finding of disability. The existence, nature and severity of any other conditions and physical limitations that beset plaintiff as a result of these other ailments may be important in assessing damages, including the extent that the injuries sustained by plaintiff as a result of the accident may have affected his wage earning capacity.

On the other hand, it is not clear whether plaintiff has put his mental condition in controversy. Plaintiff has stated in his opposition that he does not seek damages for emotional injuries. Ct. doc. 10. Courts do not automatically order mental examinations in cases involving "garden-variety" claims of mental anguish and have ordered examinations only upon a finding of

"good cause" such as in cases where a plaintiff has alleged a separate claim for emotional distress or where there is an allegation of a severe, continuing psychiatric condition. See Gattegno v. Pricewaterhousecoopers, LLP, 204 F.R.D. 228, 230 (D.Conn. 2001) (citing cases). Defendant provides no information other than to state that the plaintiff was "treated for psychiatric conditions which along with other conditions resulted in plaintiff being found to be disabled." Ct. doc. 9 at 2. Without more, this Court does not find that the government has established good cause for a mental examination.

## CONCLUSION

For the foregoing reasons, the motion to compel is granted in part as to a physical examination by defendant's designated experts in orthopedics and internal medicine and denied without prejudice as to a psychiatric examination. Plaintiff must cooperate to schedule the examinations promptly. The deadline for defendant's medical expert reports and disclosures is extended to September 15, 2008 and the next conference is adjourned to September 19, 2008 at 2:00 p.m.

SO ORDERED.

Dated:   Brooklyn, New York
         June 30, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE